NO. 20-12667

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **TIMOTHY J. SMITH** | § | |
| | § | |
| **APPELLANT,** | § | |
| | § | |
| **V.** | § | **Appeal No. 20-12667** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **DEFENDANT.** | § | |

---

### APPELLANT'S MOTION TO RECALL THE MANDATE
### AND FOR STAY OF MANDATE

---

COMES NOW the Appellant, through counsel of record, William K. Bradford of Bradford Ladner, LLP., and pursuant to 11th Cir. R. 41-1, files this Motion requesting that the Court recall the mandate in this appeal, and stay the mandate, and as grounds, states the following:

1.    The Court issued an opinion in this case on January 12, 2022, in which the Court vacated the Appellant's conviction on count two and his sentence enhancements for sophisticated means, special skills, and calculated loss, affirmed the Appellant's conviction on count three, the sentence enhancement for obstruction of justice, and the denial of a sentence reduction for acceptance of responsibility, and remanded the case for resentencing on count three.

2.      The Appellant filed an application for panel rehearing on February 2, 2022.  The application for panel rehearing was denied on February 16, 2022.

3.      This Court issued its Mandate on February 24, 2022.

4.      The Appellant filed a petition for writ of certiorari with the United States Supreme Court on June 16, 2022. [1]

5.      The Appellant's petition for writ of certiorari was granted by the United States Supreme Court on December 13, 2022, under Supreme Court Case Number: 21-1576.  The question presented in the Appellant's case before the Supreme Court is whether the proper remedy for the government's failure to prove venue is an acquittal barring re-prosecution of the offense.  The matter is currently set for oral argument before the United States Supreme Court on March 28, 2023.

6.      There are two reasons that recalling the Court's mandate in this case would serve to prevent injustice.

7.      First, the resolution of the venue issue being reviewed by the Supreme Court in the Appellant's case could have an substantial effect on the remaining extortion conviction.  On appeal, the Appellant argued that the trial of the trade

---

[1]      The Appellant filed a motion to extend the time for filing a petition for writ of certiorari.  The motion was granted on May 10, 2022, and the deadline was extended until June 16, 2022.

secret count in an improper venue, necessarily adversely impacted the jury's consideration of the extortion count.  The Appellant argued that lack of proper venue on the theft-of-trade-secrets count resulted in structural error that required his extortion conviction to be vacated.

8.    Inasmuch as the issue pending before the United States Supreme Court concerns the issue of venue, should the decision in the case be favorable to Appellant Smith, he would seek to revisit the issue of structural error regarding the extortion conviction in this Court.  In the alternative, the Appellant would seek instructions in this Court's mandate to the district court to rehear that issue on remand.

9.    Second, the Appellant argued in the district court and in this Court that his conviction on the extortion count should be reversed because neither the Appellant's texts, nor his Facebook post constituted a "true threat."

10.    On January 13, 2023, the United States Supreme Court granted a petition for writ of certiorari in Supreme Court Case Number 22-138, <u>Counterman v. State of Colorado</u>.  <u>Counterman v. State of Colorado</u> concerns the nature of "true threats," and whether the government must show that a speaker subjectively knew or intended the threatening nature of a statement, or whether it is sufficient to show that an objective reasonable person would regard the statement as a threat of violence.

11.     In the Appellant's case, the district court instructed the jury on the elements of the extortion count, in pertinent part, as follows:

> First, the Defendant knowingly sent a message in interstate or foreign commerce containing a true threat to damage the property or reputation of another or used a facility of interstate or foreign commerce to send said threat; and, two, the Defendant did so with the intent to extort money or something of value to the Defendant.
>
> A true threat is a serious threat, not idle talk, a careless remark, or something said jokingly, that is made under circumstances that would place a reasonable person in fear of damage to their property or reputation.
>
> (Doc. 117, II, pg. 183).

In doing so, the district court instructed the jury with an objective reasonable person standard in terms of determining whether the Appellant's texts or Facebook post was a "true threat."

12.     Should the petitioner in <u>Counterman v. State of Colorado</u> prevail in the case, it would represent a substantive change in the law applicable to the statute under which this Appellant was charged and convicted; 18 U.S.C. § 875(d). It would also place the jury instruction given in the Appellant's case in error. It would further follow that Smith would seek relief in whatever form possible as to his conviction on the extortion count.

13.     Without a recall of the mandate in this case, all avenues of relief available to Smith would be in the form of collateral review, as opposed to review

or reconsideration in his direct appeal.  This would be an injustice to Smith in light of the impending resolution of the "true threat" issue.  Smith seeks to avoid this result.  If this Court were to recall its mandate, and subsequently stay its mandate until the resolution of the <u>Counterman v. State of Colorado</u> case, this Court would be free to either address the issue with supplemental briefing and review, or to remand the case to the district court for reconsideration of the issue.  Recalling and staying the mandate in this case would promote judicial economy and avoid undue additional burdens on the Court and the parties.

14.    This Court has the inherent power to recall a mandate at its discretion.  See <u>United States v. Ball</u>, 2021 U.S. App. LEXIS 6019 *1 March 1, 2021, citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 549, 118 S.Ct. 1489, 140 L. Ed. 2d 728 (1998).  Once a mandate is recalled, this Court may exercise its discretion under Rule 41 of the Federal Rules of Appellate Procedure to stay the mandate if "exceptional circumstances" exist.  <u>Stokley v. Ryan</u>, 705 F. 3d 401, 403 (11th Cir. 2012).

15.    In <u>Stokley v. Ryan</u>, this Court held that an intervening change in the law, that results in a significant change in the results of a case to a party, constitutes "significant circumstances" justifying staying a mandate.  <u>Stokley v. Ryan</u>, 705 f. 3d at 403.

WHEREFORE PREMISE CONSIDERED, Appellant Timothy J. Smith prays that this Honorable Court recall the mandate in this case, and further, order the mandate stayed for such time as is necessary for the resolution of the Appellant's case on the merits before the United States Supreme Court, and for the resolution of the <u>Counterman v. State of Colorado</u> matter presently pending before the Supreme Court.

Respectfully Submitted,

**_/s/ William K. Bradford_**
William K. Bradford (asb-6434-d64w)
Attorney for Appellant
wkb@bradfordladner.com

**<u>OF COUNSEL:</u>**
BRADFORD LADNER, LLP.
160 St. Emanuel Street
Mobile, AL 36602
251-303-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Notice upon all counsel of record via electronic filing through CM/ECF on **_February 23, 2023_**

Robert G. Davies, Esq.
United States Attorney
21 East Garden Street, Suite 400
Pensacola, FL 32502

David L. Goldberg
Assistant United States Attorney
21 East Garden Street, Suite 400
Pensacola, FL 32502

Jordane E. Learn, Esq.
Assistant United States Attorney
111 North Adams Street, Floor 4
Tallahassee, FL 32301

**_/s/ William K. Bradford_**
Of Counsel

## CERTIFICATE OF COMPLIANCE

This document complies with word limit of Federal Rules of Appellate

Procedure, Rule 27(d)(2)(A) because, excluding the parts of the document

exempted by Fed. R. App. P. 32(f) this document contains 1111 words.

**_/s/ William K. Bradford_**
William K. Bradford (asb-6434-d64w)
Attorney for Appellant
wkb@bradfordladner.com

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **TIMOTHY J. SMITH,** | § | |
| | § | |
| **APPELLANT,** | § | |
| | § | **Appeal # 20-12667-B** |
| **V.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **APPELLEE.** | § | |

_____

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT
_____

COMES NOW Appellant Timothy J. Smith, through counsel of record, and in compliance with Fed. R. App. P. Rule 26.1 and 11th Cir. R. 26.1-2, certifies that the following persons have an interest in the outcome of the above styled case:

- Bradford, William K., – Counsel for Defendant-Appellant

- Cannon, Hon. Hope T., - United States Magistrate Judge

- Davies, Robert G., - Assistant United States Attorney

- Goldberg, David L., - Assistant United States Attorney

- Keefe, Lawrence, - United States Attorney

- Learn, Jordane E., - Assistant United States Attorney

- Rogers, Hon. M. Casey, - United States District Judge

- Smith, Timothy J., - Defendant-Appellant

Respectfully Submitted,

*/s/ William K. Bradford*

William K. Bradford

Attorney for Appellant

wkb@bradfordladner.com

**OF COUNSEL:**

BRADFORD LADNER, LLP.

160 St. Emanuel Street

Mobile, AL 36602

251-303-8800